# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**

v.

**Sergeant First Class RONDELL A. HILLIARD**
**United States Army, Appellant**

ARMY 20170377

Headquarters, Fort Bragg
Michael Hargis, Military Judge
Colonel Jeffrey C. Hagler, Staff Judge Advocate

For Appellant: Major Angela D. Swilley, JA; Captain Joseph C. Borland, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.4, no response filed.

13 January 2020

-------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
-------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

In January 2019, this court issued a memorandum opinion purporting to affirm the adjudged findings and sentence in appellant's case. *United States v. Hilliard*, ARMY 20170377, 2019 CCA LEXIS (Army Ct. Crim. App. 17 Jan. 2019) (unpub). In that opinion, we failed to include appellant's conviction of general disorder for incest in our summary of his convictions. *Id.* at *1. Further confusing the matter, we erroneously commented in Footnote (FN) 3 of the opinion that the incestuous nature of the relationship between appellant and his biological daughter "was uncharged." In an order setting aside our decision and remanding the case to us for clarification, our superior court noted:

> [I]n summarizing the approved findings, the Court of Criminal Appeals made no mention of the guilty finding as to Specification 1 of Charge II (general disorder by incest). In fact, the Court of Criminal Appeals erroneously commented in a footnote that the incestuous nature of the relationship between Appellant and his biological daughter "was uncharged." Because this offense went unmentioned in the summary of the approved findings, it is unclear whether it was affirmed under

> Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2012)

*United States v. Hilliard*, __M.J.__, 2019 CAAF LEXIS 632* (C.A.A.F. 28 August 2019) (decision without published opinion).

We write to expressly affirm appellant's convictions and to briefly address any confusion created by the language in FN 3 regarding the mens rea required to convict appellant of incest.

A military judge convicted appellant, contrary to his pleas, of two specifications of sexual assault by bodily harm, and one specification each of general disorder by incest and adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2012) [UCMJ].

Having again reviewed the original pleadings in this case—pleadings appellant declined to supplement notwithstanding an opportunity to do so upon remand[†]—we reaffirm our January 2019 decision and the reasoning therein, expressly affirming appellant's convictions of two specifications of sexual assault by bodily harm, one specification of general disorder by incest, and one specification of adultery, in violation of Articles 120 and 134, UCMJ.

One of appellant's three assignments of error, which this court discussed in detail in our first decision, alleged that the military judge erred in admitting, over defense objection, evidence of uncharged physical abuse of the named sexual assault victim, AL. For the reasons detailed in our January 2019 opinion, we agree with appellant that the military judge erred when he admitted this uncharged misconduct, but still find appellant suffered no prejudice as a result. No relief is warranted nor further discussion of the error necessary.

We summarily decided appellant's two other assignments of error: that the military judge erred by failing to apply a "recklessness " mens rea to the element of non-consent for the charged sexual assaults by bodily harm where the bodily harm alleged was the charged sexual act; and that the military judge erred by failing to suppress DNA evidence. Our discussion regarding these two alleged errors was limited to FN 3 of our opinion, which read, in its entirety:

---

[†] A review of our January 2019 opinion reveals that through oversight, we failed to formally document our full and fair consideration of appellant's matters submitted pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). Having once again given full and fair consideration to the matters appellant raised pursuant to *Grostefon,* we find them to be without merit.

Appellant first claims the military judge applied the wrong law in determining the *mens rea* necessary to find appellant guilty of sexual assault. *See generally Elonis v. United States*, 135 S. Ct. 2001, 192 L. Ed. 2d 1 (2015). The central holding in *Elonis* is applicable only in cases where it is necessary to separate wrongful conduct from innocent conduct. *Id.* at 2010-11. We do not decide whether a father having sex with and impregnating his biological daughter is "wrongful" for purposes of *Elonis* when the incestuous nature of the relationship was uncharged. Rather, we find that in this judge alone trial where: (a) the judge made no relevant misstatements of the law; (b) the defense made no motions preserving the issue they now appeal; (c) the defense did not request special findings; and (d) after reviewing the entire record, there was no error that materially prejudiced appellant's substantive rights.

Appellant also claims the military judge erred in not suppressing the results of a DNA test. Three different DNA tests all came to the same result - appellant was the father of his daughter and granddaughter. The first test was questionably conducted. For the second test, the military judge rejected appellant's claim that the results should have fallen within appellant's attorney-client privilege. The government only introduced the results of the third test. The military judge's findings that the third test was independent of any claim of privilege regarding the second test are not clearly erroneous.

*Id.* at *1.

Regarding the allegation that the military judge erred in admitting the DNA evidence in question, we again find this alleged error to be without merit. No further discussion of this allegation is necessary.

Likewise, no further discussion of appellant's allegation regarding the correct mens rea for the element of non-consent in the charged sexual assaults by bodily harm is required. For the reasons articulated in our earlier opinion, the military judge did not err for failing to apply a recklessness standard to the element of non-consent. More conclusively, our superior court's opinion in *United States v. McDonald* confirms, "Congress clearly intended a general intent mens rea for Article 120(b)(1)(B), 10 U.S.C. § 920(b)(1)(B), sexual assault by bodily harm." 78 M.J. 376, 379 (C.A.A.F. 2019).

## LAW AND DISCUSSION

While defense appellate counsel challenged the mens rea necessary to sustain appellant's sexual assault convictions, no similar challenge was made on appeal, either initially or upon remand, of appellant's general disorder by incest conviction. Appellate defense counsel's silence on this issue is notable in light of FN 3 of our earlier decision wherein we noted, "We do not decide whether a father having sex with and impregnating his biological daughter is 'wrongful' for purposes of *Elonis* when the incestuous nature of the relationship was uncharged."

Having corrected our previous misstatement regarding the *"uncharged"* nature of the incest in question as appellant was charged with and convicted of incest, we now clarify that a father having sex with and impregnating his biological daughter is 'wrongful' for purposes of *Elonis.*

Specification 1 of Charge II (general disorder by incest) reads as follows:

In that Sergeant First Class Rondell A. Hilliard, U.S. Army, did, at or near Cameron, North Carolina, and at or near Spring Lake, North Carolina, on divers occasions, between on or about 1 May 2013 and on or about 25 May 2015, knowingly penetrate with his penis and finger, the vulva of Ms. [AL], the biological child of Sergeant First Class Rondell A. Hilliard, such conduct being of a nature to bring discredit upon the armed forces.

"The 'general rule' is that a guilty mind is 'a necessary element in the indictment and proof of every crime.'" *Elonis v. United States*, 135 S. Ct. 2001, 2009 (2015) (citation omitted). When a statute is silent on the mens rea needed to commit the offense and a mens rea is needed to separate wrongful from otherwise innocent conduct, the *Elonis* Court held that the mens rea required to commit the offense must be greater than simple negligence, citing a "[reluctance] to infer that a negligence standard was intended in criminal statutes." *Id.* at 2010-11 (citations omitted).

"When interpreting federal criminal statutes that are silent on the required mental state, [courts] read into the statute only that *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct." *Id.* at 2010 (quoting *Carter v. United States*, 120 S. Ct. 2159, 2169 (2000)) (internal quotation marks omitted).

The starting point of any *Elonis* analysis "is [ ] the plain language of the statute." *United States v. Tucker*, 78 M.J. 183, 185 (2018) (citation omitted). "However, the text of Article 134, UCMJ, does not explicitly contain a mens rea requirement." *Id.* (citation omitted). Considering *Elonis* and the reluctance to find

guilt based on nothing more than simple negligence, absent statutory intent to the contrary, we look to the pleadings to ascertain if, as pleaded, the specification provides for a mens rea beyond simple negligence to make criminal that which would otherwise be innocent conduct.

The sexual activity alleged in Specification 1 of Charge II is lawful between two consenting adults. What makes appellant's actions criminal is that it involved his biological child.

The government charged and assumed the burden of proving that appellant did "knowingly penetrate with his penis and finger, the vulva of Ms. [AL], the *biological* child of [appellant] (emphasis added)." "Knowingly," in the pleading, modifies both the sexual activity as well as the status of the partner. "The Supreme Court has stated that courts 'ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word "knowingly" as applying that word to each element.'" *United States v. Bruguier*, 735 F.3d 754, 758 (8th Cir. 2013) (quoting *Flores-Figueroa v. United States*, 556 U.S. 646, 652 (2009)). "[*Flores-Figueroa*] recognized a broadly applicable principle – i.e., that 'knowingly' typically tells us how the defendant 'performed the entire action.'" *United States v. Price*, 921 F.3d 777, 795 (9th Cir. 2019) (quoting *Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009)). If "knowingly" were limited to the sexual act per se, it would "[do] nothing to separate innocent from criminal behavior." *Price*, 921 F.3d at 795.

The mens rea necessary to convict appellant of general disorder by incest was knowingly because the government assumed the burden of establishing that appellant knew his sexual partner was his biological daughter and proved this beyond a reasonable doubt. We need not decide whether "recklessness" is a sufficient mens rea to convict appellant because the government charged a higher mens rea, thereby raising its burden to prove appellant's guilt. There is no possibility that appellant stands convicted based on actions that could be defined as simply "negligent." It is without question that appellant knowingly engaged in the sexual activity at issue. Further, appellant knew that he was engaging in the sexual activity at issue with his biological daughter (i.e., affinity by blood). Appellant's incest conviction suffers from no *Elonis* infirmity.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court